IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK STONE**, | ) | FILED COPY: MAY 9, 2008 |
| | ) | 08CV2696   EDA |
| Plaintiff | ) **No.** 08 CV | JUDGE DER-YEGHIAYAN |
| | ) | MAGISTRATE JUDGE VALDEZ |
| v. | ) **Honorable Judge** | |
| | ) | |
| **STRIPE-A-LOT OF AMERICA, INC.,** | ) Magistrate Judge | |
| D/B/A **STRIPE-A-LOT OF ILLINOIS,** | ) | |
| **INC., GREGG KAY, INDIVIDUALLY,** | ) | |
| **DAN DAVIS, INDIVIDUALLY, AND** | ) ***JURY DEMAND*** | |
| **TIM GRUBEN, INDIVIDUALLY** | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT

NOW COMES Plaintiff, **MARK STONE,** by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendant, **STRIPE-A-LOT OF AMERICA, INC**, states as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, specifically 29 U.S.C. §215 (a)(3).

**II.    JURISDICTION AND VENUE**

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §215 (a)(3).  Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendants are engaged in business in this district.

1

### III.  PARTIES

3. Defendant, **STRIPE-A-LOT OF AMERICAN, INC.,** (hereinafter "Defendant") is engaged in the business of providing parking lot services including cleaning, striping and other related services. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. The individual Defendants, **GREGG KAY, DAN DAVIS, AND TIM GRUBEN,** during the relevant times, were acting directly in the interest of the employer in relation to the named Plaintiff and, therefore, were and are "employers" as that term is defined under the applicable statutes relied upon herein.

4. Plaintiff, **MARK STONE,** (hereinafter "Plaintiff") is a past employee of Defendants who worked for Defendants as a laborer. As an employee performing duties for an enterprise engaged in commerce, Plaintiff also was engaged in commerce as defined by the FLSA.

### IV.  ALLEGATIONS

8. On or about June 16, 2007, Plaintiff caused to be filed with this Court, among other claims, a federal wage and hour cause of action premised primarily upon the Fair Labor Standards Act, 29 USC Section 201 *et. seq.,* (hereinafter referred to as the "FLSA") alleging that Defendants had violated the FLSA by failing to pay for certain compensable time worked and failing to pay for hours over 40 in a work week at the statutory rate of time and one half. That cause of action, ***Stone, et al v. STRIPE-A-LOT OF AMERICA, INC***., No. 07 C 3342, is, at the time of the filing of this action, pending on summary judgment briefing to be decided by the Honorable Joan Lefkow.

9. Shortly after the filing of that original action in June of 2007, in August of 2007 Plaintiff Stone was terminated, or "laid off" by Defendants, effective August 17, 2007. See letter of August 17, 2007, signed by Gregg Kay, attached as **Exhibit A.**

10. At the time of the alleged "lay off", Defendants maintained the employment of other employees who performed the same or similar duties, had equal or inferior work records and less years of employment than Plaintiff Stone.

11. In approximately April of 2008, Defendants began to hire employees in preparation for the warm weather busy season. In asking employees to return to work, Defendants reemployed individuals from the previous busy season (returning employees) and individuals who had not worked the company prior (new employees).

12. In making the recall and new hiring of employee workers in April of 2008, Defendants did not recall Plaintiff Stone to return to work for the Company, did not offer Stone employment and refused or failed to accept Stone's application for re-employment.

13. Pursuant to Fair Labor Standards Act, 29 U.S.C. §215(a)(3), it is illegal for an employer to discharge or in any other manner discriminate against an employee for engaging in the statutory protected activities, including bringing the FLSA claim for back overtime wages described above.

14. At the time Plaintiff was terminated and again at the time Defendants failed and refused to recall him to work, Defendants knew of Plaintiff's FLSA claims against the Company, and Defendants' acts of retaliation against Plaintiff were a result of Stone's original FLSA law suit against Defendants, all in violation of the Fair Labor Standards Act, 29 USC Section 215(a)(3).

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a)   awarding back pay equal to the amount of all wages lost by Plaintiff as a result of the retaliatory discharge complained of herein;

      (b)    awarding prejudgment interest with respect to the total amount of all lost wages;

      (c)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

      (d)    awarding punitive damages against Defendants in an amount in excess of $1,000,000.00;

      (e)    for such additional relief as the Court deems appropriate under the circumstances.

Respectfully submitted,

s/ John W. Billhorn
*Electronically Filed 05/09/2008*

_____

John W. Billhorn, attorney for Plaintiff

BILLHORN LAW FIRM
515 N. State Street / Suite 2200
Chicago, IL 60610
(312) 464-1450



# STRIPE-A-LOT
### of AMERICA

Parking Lot Maintenance
2920 East 24th Road, Marseilles, IL  61341
Phone: 815-795-3841 * Fax: 815-795-3842
E-mail: info@stripealotofil.com

August 17, 2007

Mark Stone
205 Sandra Ave #F3
Mendota, IL  61342

Dear Mark:

Due to a slow-down in this year's season, effective August 17, 2007 you are hereby laid off indefinitely.

Please turn in all property of Stripe A Lot of America, Badges, Magellan, camera and disk, phone, phone chargers, credit cards and paper work.

Final checks for the pay period of 08/12/07 thru 08/18/07 will be issued on, Friday, August 24, 2007 and can be picked up anytime after 8:00 a.m provided all business property has been returned.

Sincerely,