IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK STONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 08 C 2696** |
| | ) | |
| **STRIPE-A-LOT OF AMERICA,** | ) | |
| **INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff's motion for sanctions against

Defendant Gregg Kay's (Kay) attorney, Alonzo H. Zahour (Zahour).  For the reasons

stated below, we deny the motion for sanctions.


## BACKGROUND

On June 23, 2009, we set trial for September 29, 2009, and ordered the parties

to submit a joint pre-trial order by August 21, 2009.  Plaintiff's counsel claims that

before the joint pre-trial order was due, he made several attempts to contact Zahour

via email, seeking his cooperation in preparing the joint pre-trial order.  According to

1

Plaintiff's counsel, Zahour did not acknowledge receipt of Plaintiff's counsel's emails or in any way respond to Plaintiff's counsel's requests.  In order to comply with the court's orders, Plaintiff's counsel spent substantial time preparing for the expected trial, including drafting Plaintiff's contributions to the joint pre-trial order. On the evening of August 20, 2009, the day before the joint pre-trial order was due, Zahour contacted Plaintiff and advised him that Kay had filed Chapter 7 Bankruptcy, which resulted in a stay of the proceedings against Kay in this court.  Plaintiff contends that Zahour acted in bad faith by allowing Plaintiff's counsel to expend significant resources preparing for trial even though Zahour knew that Kay intended to file bankruptcy and thus stay the proceedings against him.  Plaintiff contends that Zahour's lack of communication as to these matters was solely intended to drain the resources of Plaintiff and his counsel.  Plaintiff also argues that Kay has manipulated the legal system by declaring personal bankruptcy and corporate bankruptcy on behalf of Co-Defendant Stripe-A-Lot of America, Inc. (SAL), and states that Kay's bankruptcy filings, which were both executed by Zahour, are suspect given Kay's alleged connections to a newly formed company called Stripe-A-Lot II (SAL II). Plaintiff seeks fees pursuant to 28 U.S.C. § 1927 (Section 1927) and Federal Rule of Civil Procedure 16(f) (Rule 16(f)) for Zahour's alleged misconduct.

## LEGAL STANDARD

Federal courts have the inherent power to punish parties who abuse the judicial process. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). This includes the power to "assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons" such as when a party attempts to work a fraud upon the court, delay the proceedings, or delay or inhibit the enforcement of a court order. *Id.* at 45-46. Where bad faith is shown, sanctions in the form of attorney's fees vindicate the court's authority without resorting to a more drastic measure and serve to make the moving party whole. *Id.* at 46. Inherent powers are not displaced by statutes and rules that cover the same conduct. *Id.* at 43, 46. However, the court's inherent powers "must be exercised with restraint and discretion." *Id.* at 44. In addition, pursuant to Section 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Rule 16(f) further provides that "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or

3

other pretrial order," and that "the court must order [a] party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 16(f).

## DISCUSSION

I. Fees and Costs Expended Preparing for Trial

Plaintiff seeks compensation for attorney's fees and costs that Plaintiff's counsel expended preparing for the trial scheduled for September 29, 2009, which was cancelled after Kay's bankruptcy filing stayed the proceedings in this court.  As previously discussed, the court has the inherent power to sanction an attorney when he acts "in bad faith, vexatiously, wantonly, or for oppressive reasons."  *Chambers*, 501 U.S. 32 at 45-46.  Additionally, a party can recover fees under Section 1927, if it can show that the non-movant's conduct multiplied the proceedings "unreasonably and vexatiously. . . ." 28 U.S.C. § 1927.  More specifically, a party can recover fees under Section 1927 by showing conduct beyond ordinary negligence that is "extremely negligent conduct, like reckless and indifferent conduct. . . ." *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1185 (7th Cir. 1992).  Finally, under Rule 16(f), a party must be sanctioned for noncompliance with the court's pre-trial orders "unless the

noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f).

Plaintiff alleges that Zahour failed to comply with the court's order regarding preparation of the joint pre-trial order and acted in bad faith by ignoring Plaintiff's attorney's correspondence and filing bankruptcy on behalf of Kay the evening before the joint pre-trial order was due. Plaintiff maintains that Zahour purposely failed to disclose Kay's plans to file bankruptcy in a timely manner, even though Zahour was aware that Plaintiff was spending significant time preparing for trial. Plaintiff states that Plaintiff's counsel needlessly spent a total of 26.35 hours preparing for trial, including more than twelve hours spent preparing Plaintiff's portions of the joint pre-trial order. Plaintiff contends that Zahour's alleged misconduct unnecessarily exacerbated Plaintiff's legal costs. Zahour argues that he advised Plaintiff and the court that both Kay and SAL would be filing for bankruptcy at every status hearing Zahour attended, and that therefore, Kay's bankruptcy filing should not have been a surprise to Plaintiff. Zahour also contends that both he and Kay have cooperated with Plaintiff and participated in this litigation by answering the complaint, complying with discovery orders and requests, and providing a witness list in advance of trial based on the court's order. Zahour argues that he should not be sanctioned for failing to participate in preparing the joint pre-trial order since the

bankruptcy filing automatically stayed the action prior to the date that the joint pre-trial order was due.  Zahour argues that a legal filing of bankruptcy is not an appropriate basis for sanctions and that it would be unjust to award fees and costs under the circumstances.

Under the circumstances, Plaintiff has not shown that Zahour acted unreasonably, vexatiously, in bad faith, or in a grossly negligent manner in these proceedings and, therefore, at this time, we deny the motion for attorney's fees incurred.  It is a person's legal right to file for bankruptcy.  Zahour had advised both the Plaintiff and the court that it was likely that Kay would file for bankruptcy and there is insufficient evidence as to when Kay's bankruptcy filing became a foregone conclusion.  While we understand Plaintiff's frustration, preparing for trials that ultimately get cancelled or rescheduled goes with the territory when practicing litigation.  Plaintiff's preparations for the September 21, 2009, trial will likely be useful if the bankruptcy stay is lifted relating to Kay and SAL.  In addition, Plaintiff has not been prejudiced in the overall litigation because Plaintiff was given leave to file an amended complaint to include SAL II as a defendant.  Thus, we decline to award expenses at this time under the specific circumstances of this case.

## II. Allegedly Fraudulent Bankruptcy Filings

Plaintiff also alleges that Kay, with the assistance of Zahour, has attempted to work a fraud upon the court with his personal and corporate bankruptcy filings. Zahour denies that the bankruptcy filings of Kay and SAL are fraudulent, were made in bad faith, or were unreasonable or vexatious.  Zahour points out that there have not been any actions filed in either Kay's or SAL's bankruptcies for relief from the automatic stay, for a declaration of non-dischargeability of the debt, or for dismissal. Zahour contends that there is no evidence that Kay owns, controls, or receives income from SAL II and states that Plaintiff's allegations of fraud are frivolous and unsupported by any facts.  At this time, there is insufficient evidence to show that the bankruptcy filings of Kay or SAL, which were executed by Zahour, were fraudulent, made in bad faith, unreasonable or vexatious.  At this juncture, we decline to award attorney's fees or costs.  Therefore, we deny Plaintiff's motion for attorney's fees and costs incurred while preparing for the September 21, 2009, trial that was cancelled.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiff's motion for sanctions at this time.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   November 19, 2009